IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KIMBERLY MYERS,** | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.  2:10-cv-824-JD |
| | : | |
| **ANGELO CHRISTOPHER MOORE,** a/k/a Dr. Madd Vibe; **FISHBONE; SILVERBACK ARTIST MANAGEMENT; THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA** d/b/a WORLD CAFÉ and/or WORLD CAFÉ LIVE! and d/b/a WXPN and/or XPN; **REAL ENTERTAINMENT-PHILADELPHIA, INC.** d/b/a WORLD CAFÉ and/or WORLD CAFÉ LIVE!, | : : : : | |
| Defendant. | | |

**DuBOIS, J.**                                                                                          September 22, 2011

**M E M O R A N D U M**

**I. INTRODUCTION**

This case arises out of an incident that took place at a performance by the musical group Fishbone on February 23, 2010, at the World Café. At the performance in question, the lead singer of Fishbone, defendant Angelo Christopher Moore ("Moore"), jumped into the crowd, knocking the plaintiff to the ground, causing severe injuries.

Plaintiff filed suit against Moore, Fishbone, Silverback Artist Management ("Silverback"), the Trustees of the University of Pennsylvania, and Real Entertainment-Philadelphia ("Real Entertainment") for negligence in producing the concert and failing to warn the audience that the concert would feature "stage diving." Plaintiff also asserted claims of civil

conspiracy against all defendants and assault and battery against Moore and Fishbone. Silverback is Fishbone's manager, and Real Entertainment is the owner and operator of the World Café.

Presently before the Court are three motions for summary judgment: (1) Silverback's Motion for Summary Judgment, (2) Silverback's Motion for Partial Summary Judgment on the issue of punitive damages, and (3) Real Entertainment's Motion for Partial Summary Judgment on the issue of punitive damages. The Court concludes that there are genuine issues of material fact involving Silverback's liability, and thus its Motion for Summary Judgment is denied. Similarly, the Court finds that there are genuine issues of material fact as to whether Silverback or Real Entertainment acted with reckless indifference to the rights of the plaintiff, and thus both motions for partial summary judgment on the issue of punitive damages are denied.

## II. BACKGROUND

### A. The World Café Performance

On February 23, 2010, plaintiff attended a Fishbone performance at the World Café,[1] a live music venue in Philadelphia, Pennsylvania. (Compl. ¶ 10.) During the performance, Moore leapt from the elevated stage into the crowd, knocking plaintiff to the ground and causing severe injuries. (Id. ¶ 14.) Silverback did not inform the World Café employees or the audience that Fishbone performances often involve such "stage diving." (Dep. of Jess Thibodeau ("Thibodeau Dep."), Pl.'s Resp. Ex. 2, at 44, 51.)

### B. Silverback's Role

Silverback was Fishbone's manager at the time of the performance at issue, but the

---

[1] The venue is referred to as both "World Café" and "World Café Live" in the pleadings. This opinion will refer to it as "World Café."

parties dispute two central questions about Silverback's role in the production of the performance: (1) whether Silverback was involved in booking the concert at the World Café; and (2) whether and to what degree Silverback exercised control over the crew that worked the day of the performance.

The parties dispute whether Silverback participated in booking the Fishbone performance at the World Café. Silverback's name appears above one of the signature lines on the contract between Fishbone and the World Café. (Pl.'s Resp. Ex. 18, at 1.) While the contract is not executed by Silverback, Neil Sulkes, the Manager of the World Café, testified in his deposition that a copy of the contract signed by a representative of Silverback exists "somewhere." (Dep. of Neil Sulkes ("Sulkes Dep."), Pl.'s Resp. Ex. 6, at 15.) However, Jon Phillips, the co-owner of Silverback, testified at his deposition that Silverback does not contract with venues on behalf of any of the artists it manages. (Dep. of Jon Phillips ("Phillips Dep."), Pl.'s Resp. Ex. 1, at 10–11.)

The parties also dispute the nature of the relationship between Silverback and the crew that worked the day of the performance. Silverback's contact person on Fishbone's tour was Jess Thibodeau. Phillips testified that Thibodeau was an independent contractor and not a Silverback employee. (Id. at 64.) Phillips also testified that Silverback was not responsible for paying any of the members of the crew that worked on Fishbone's tour. (Id. at 90.) However, Thibodeau testified that he kept an email address at Silverback and that his business cards contained Silverback's address, facsimile number, and logo. (Thibodeau Dep. 31–34.) Further, Moore stated that Silverback was, in fact, responsible for paying the crew members. (Dep. of Angelo Moore, Pl.'s Resp. Ex. 3, at 66–67.)

### C. Real Entertainment's and Silverback's Knowledge

The parties dispute whether Real Entertainment knew in advance of the performance that Moore would stage dive. While it is unclear whether members of Fishbone or the touring crew ever notified Real Entertainment employees that stage diving would be a part of the performance, Moore is well-known in the industry for his antics on stage, including stage diving. Fishbone's MySpace internet page is headlined with a picture of Moore jumping into the audience at a performance; the same picture is featured on the cover of Fishbone's latest album, which was on sale at the World Café performance. (Pl.'s Resp. Exs. 22, 25.) Further, at least one Real Entertainment employee had seen Moore stage dive at a prior Fishbone performance. (Dep. of Ryan Ferrell, Pl.'s Resp. Ex. 8, at 19.)

There is no dispute that Silverback was aware that Moore engaged in stage diving at Fishbone shows (Phillips Dep. 116.) In fact, Silverback was aware of a prior incident in which a member of the audience at a Fishbone performance was injured when Moore dove off the stage. (Id. 107–08.)

The parties also dispute whether either Silverback or Real Entertainment was aware of the risk that stage diving poses to the audience as a general matter.

## III. STANDARD OF REVIEW

In considering a motion for summary judgment, "the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." Wishkin v. Potter, 476 F.3d 180, 184 (3d Cir. 2007). The party opposing the motion, however, cannot "rely merely upon bare assertions, conclusory allegations or suspicions" to support its claim. Fireman's Ins. Co. v. DuFresne, 676

F.2d 965, 969 (3d Cir. 1982).  After examining the evidence of record, a court should grant summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

A factual dispute is material when it "might affect the outcome of the suit under the governing law," and genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## IV. DISCUSSION

### A. Silverback's Motion for Summary Judgment

Silverback makes four arguments in its Motion for Summary Judgment: (1) that it did not owe plaintiff a duty; (2) that even if a duty existed, Silverback did not cause plaintiff's injuries; (3) that Silverback did not have a contract with World Café; and (4) that "managing a band that engages in stage diving and/or crowd surfing is not a tortious act." (Def.'s Mem. Law Supp. Mot. Summ. J. 16.) For the reasons that follow, the Court concludes that the parties have raised genuine issues of material fact with respect to Silverback's liability, and accordingly, its Motion for Summary Judgment is denied. The Court will address each such issue of material fact in turn.

#### 1. Silverback's Duty to Plaintiff

"'The primary element in any negligence cause of action is that the defendant owes a duty of care to the plaintiff.'" Bilt-Rite Contractors, Inc. v. Architectural Studio, 866 A.2d 270, 280 (Pa. 2005) (quoting Althaus ex rel. Althaus v. Cohen, 756 A.2d 1166, 1168 (Pa. 2000)).

The disputes outlined above present genuine issues of material fact. The degree to which Silverback controlled the production of the concert is central to whether it owed a duty to the members of the audience. The disputes are genuine because each party points to testimony that supports its conclusions about Silverback's liability based on its role in the production of the World Café performance.

### 2. Silverback's Argument That It Did Not Cause Plaintiff's Injury

In order for there to be liability for negligence, a defendant's action must be the factual and proximate cause of the plaintiff's injury. Eckroth v. Pennsylvania Elec., Inc., 12 A.3d 422, 427 (Pa. Super. Ct. 2010). Silverback claims that even if a duty existed, Silverback's breach of that duty did not cause plaintiff's injury because Real Entertainment employees were already aware that stage diving might occur at a Fishbone concert. However, the question of what actions Silverback could have taken to prevent plaintiff's injuries turns on the nature of Silverback's role in the production of the performance as to which there is a genuine issue of material fact.

### 3. Silverback's Final Two Arguments

Silverback's final two arguments—that it was not a party to the contract with World Café and that "managing a band that engages in stage diving and/or crowd surfing is not a tortious act"—go directly to the question of duty, which the Court addressed above.

### B. The Motions for Partial Summary Judgment on the Issue of Punitive Damages

Silverback and Real Entertainment argue in their respective motions for partial summary judgment that punitive damages are not appropriate because neither was aware of the risk of harm to which the plaintiff was exposed. "[I]n Pennsylvania, a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of

the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." Hutchison v. Luddy, 870 A.2d 766, 772 (Pa. 2005).

In this case, there is a genuine issue of material fact as to whether Real Entertainment knew that Fishbone performances often involved stage diving. Further, there is a genuine issue of material fact as to whether either Silverback or Real Entertainment was aware of the risk that Moore's stage diving posed to plaintiff.

**IV. CONCLUSION**

There exist genuine issues of material fact as to the role that Silverback played in booking and producing the Fishbone performance on the night in question. Defendant Silverback's motion for summary judgment is therefore denied. There are also genuine issues of material fact as to whether Silverback and Real Entertainment consciously disregarded the risk to plaintiff of Moore's stage diving. Thus, Silverback's and Real Entertainment's motions for partial summary judgment on the issue of punitive damages are denied.

Appropriate orders follow.